UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY KONRATH,                )
                                )
        Plaintiff,               )
                                )
    v.                           )   Cause No. 3:16-CV-518 JD
                                )
CHRISTINE DESANCTIS,            )
                                )
        Defendant.               )

OPINION AND ORDER

Gregory Konrath, a *pro se* prisoner, filed a complaint against his former divorce attorney, Christine DeSanctis. Konrath alleges that Attorney DeSanctis provided constitutionally ineffective assistance of counsel and engaged in legal malpractice during his divorce proceedings from December 2008 through January 2010. (DE 22.) Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007).

In his complaint, Konrath states that he hired Indiana Attorney DeSanctis in December 2008 to represent him in his divorce, but fired her in December 2010.[1] Konrath claims that she provided him with bad advice during those two years. Konrath alleges both a federal ineffective assistance of counsel claim under Section 1983 as well as a state law claim for legal malpractice against Attorney DeSanctis.

To start, there is no federal claim here, as Mr. Konrath's civil lawyer did not act under color of law. *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Moreover, legal malpractice does not amount to a constitutional violation. *Hutcherson v. Smith*, 908 F.2d 243, 245 (7th Cir. 1990). Even if Konrath somehow could allege a proper federal claim, it would be untimely. Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because it has been more than six years since this claim arose, it would be untimely.

Next, as to the state law legal malpractice claim, Konrath asserts that this court has subject matter jurisdiction over this claim based on diversity of citizenship. (DE 22 at 2, 3.) Like the federal claim, though, this state law claim has a statute of limitations problem, too. Konrath's state law claim for legal malpractice is also subject to a two-year statute of limitations. *Biomet,*

---

[1]Although he writes that he fired Attorney DeSanctis in December 2009, it appears as though this is a typographical error and Mr. Konrath intended to write that he fired her in December 2010. (See DE 22 at 2.) This is a distinction without a difference, as his claim is untimely in either event.

*Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003). In Indiana, "[u]nder the continuous representation doctrine, the statute of limitations does not commence until the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred." *Id.* Here, the divorce proceedings concluded far more than two years ago, as did Attorney DeSanctis' representation of Konrath. (DE 22 at 1, 2.) Konrath signed and submitted his complaint on July 29, 2016. (DE 1 at 5.) Because Konrath filed his complaint against Attorney DeSanctis more than six years after the claim arose, it is barred by the applicable two-year statute of limitations.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. No amendment could make Attorney DeSanctis a state actor. Nor could any amendment make these claims timely.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it fails to state a claim for which relief can be granted.

SO ORDERED.

ENTERED: October 26, 2016

                                           /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court